IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**LEE DAMIEN MALONE,**     **PETITIONER**

V.     **NO. 2:04CR060-GHD**

**UNITED STATES OF AMERICA,**     **RESPONDENT**

## MEMORANDUM OPINION

Presently before the court is Petitioner's, Lee Damien Malone, Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255. The Government has responded and this matter is now ripe for resolution.

*A. Factual Background*

On April 29, 2004, Malone was named in a three count indictment charging, Count One: possession with intent to distribute in excess of five grams cocaine base, crack cocaine; Count Two: possession with intent to distribute cocaine; and Count Three: possession of a firearm during and in relation to and in furtherance of drug trafficking crimes. Malone pled guilty to Counts One and Three pursuant to a written plea agreement. A presentence report ("PSR") was prepared which determined Malone's total offense level to be a 23 and a criminal history category of II yielding a sentencing range of 51 to 63 months of imprisonment for Count One. Count Three required a statutory mandatory minimum sentence of five years to run consecutively. On June 23, 2005, Malone was sentenced to 51 months as to Count One to be followed by five years on Count Three for a total sentence of 111 months imprisonment. Malone did not appeal his sentence but timely filed this § 2255 motion. Malone's motion contains essentially four arguments. Specifically, Malone argues his sentence should be reduced because:

| | |
|---|---|
| Ground One | the sentencing guidelines were advisory and not mandatory as held in *U.S. v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (Jan. 12, 2005); |
| Ground Two | the court lacked jurisdiction to sentence him for the firearms charge in Count Three; |
| Ground Three | his counsel was ineffective for failing to make arguments related to Grounds One and Two; and |
| Ground Four | the disparity in sentences for possession of crack cocaine in comparison to power cocaine as made retroactive by 18 U.S.C. § 3585(c)(2). |

*B. Standard of Review*

After a defendant has been convicted and exhausted or waived any right to appeal, "a court is entitled to presume that [he] stands fairly and finally convicted." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Accordingly, relief under 28 U.S.C. § 2255 is "reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996). Once a sentence of imprisonment has been imposed, the court's authority to reduce or modify the sentence is limited. *U.S. v. Lopez*, 26 F.3d 512, 515 (5th Cir. 1994). A criminal defendant seeking relief from his conviction or sentence in a motion to vacate pursuant to § 2255 must therefore establish one of the following: (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court lacked jurisdiction to impose the sentence; (3) the sentence imposed exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995).

A district court is authorized to modify a previously imposed sentence (1) when the court receives a motion from the director of the Bureau of Prisons indicating there are extraordinary and compelling reasons warranting a reduction and that reduction is consistent with applicable policy statements issued by the Sentencing Commission; (2) pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure the district court may correct an arithmetical, technical or other clear error identified in a previously imposed sentence within seven days after the imposition of the sentence; (3) pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure the government may motion for reduction when a defendant has provided substantial assistance; and (4) when a defendant who has been sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582.

### C. Discussion

#### Ground One

Malone first contends that his sentence was imposed contrary to the holding of *U.S. v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (Jan. 12, 2005), which rendered the sentencing guidelines advisory rather than mandatory. Malone was sentenced on June 23, 2005– six months after the *Booker* holding. The transcript of his sentencing hearing demonstrates the court's awareness of and adherence to *Booker*.[1] Thus, Malone's sentenced was imposed in accordance with the *Booker* holding. Therefore, Ground One is without merit.

#### Ground Two

---

[1] Following an explanation of the modification of the advisory guidelines the court announced, "Pursuant to the Sentencing Reform Act of 1984, as modified by United States v. Booker, 125 Supreme Court 738, it is the judgment of the Court that the defendant, Lee Damien Malone, is hereby committed to custody of the United States Bureau of Prisons to be imprisoned for a terms of 111 months." Senten. Hrg. Tr. pp. 4-5 (June 23, 2005).

3

Next, Malone devotes much of his brief arguing that the court lacked jurisdiction to sentence him for the firearms charge in Count Three for a violation of 18 U.S.C. § 924(c)(1). Malone states that the sentence was improperly imposed because he did not have a "prior felony conviction" as required by 18 U.S.C. § 922(g)(1). Again, Malone's argument is premised on a misunderstanding of the law.

Title 18 U.S.C. § 922(g)(1) makes it unlawful for any person convicted of a crime punishable by imprisonment for longer than one year to possess a firearm. One element of a violation of § 922(g)(1) is that the defendant had previously been convicted of a felony. *See United States v. Salinas*, 480 F.3d 750, 759 (5th Cir. 2007). Malone, however, was not charged with nor did he plead guilty to a violation of § 922(g)(1). Malone was indicted for and plead guilty to a violation of 18 U.S.C. § 924(c)(1).

Title 18 U.S.C. § 924(c)(1) provides in part:

> [A]ny person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime–
> (i) be sentenced to a term of imprisonment of not less than 5 years.

To prove a violation of § 924(c)(1), the government must demonstrate that (1) the defendant carried a gun and (2) that the carrying was during and in relation to a crime of violence or drug trafficking crime. *United States v. Guidry*, 456 F.3d 493, 508 (5th Cir. 2006). Nowhere in the express language of § 924(c)(1) is there a "prior felon" requirement. Indeed, no court has implied such a requirement. Therefore, Malone's argument is misplaced. The court did not err sentencing Malone pursuant to § 924(c)(1) and, thus, Ground Two is denied.

4

Ground Three

Malone's ineffective assistance of counsel argument is related to counsel's purported failure to assert the arguments set forth in Grounds One and Two above. In order to demonstrative ineffective assistance of counsel, a defendant must satisfy the two part test of *Strickland v. Washington*, 466 U.S. 668, 687 (9184):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

A petitioner must satisfy *both* prongs of the *Strickland* test to succeed. *Id.* at 687. To show that counsel's performance was deficient, the defendant "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable judgment." *Id.* at 690. If counsel's performance is deemed to have been deficient, "then [the court] must determine whether there exists a reasonable probability that but for the complained-of error the outcome of the trial or appeal would have been different." *Pitts v. Anderson*, 122 F.3d 275, 279 (1997) (quoting *Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997)).

It has long been held that defense counsel has no duty to raise and pursue futile objections. *See Murray v. Maggio*, 736 F.2d 279, 283 (5th Cir. 1984). Logically, the failure to press a meritless point does not support a claim for ineffective assistance of counsel. *Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995). As discussed above, there was no basis to challenge Malone's conviction under *Booker*. Similarly, there was no grounds to object to the mandatory sentence imposed under 18 U.S.C. § 924(c)(1). Accordingly, counsel cannot be deemed ineffective for declining to make

5

frivolous arguments and objections. Malone's ineffective assistance of counsel claims are contradicted by the plain facts. Thus, Ground Three is denied.

Ground Four

Lastly, Malone contends that his sentence should be reduced in accordance with the recent revision to the crack cocaine sentencing guidelines. Amendments 706 and 711 to the United States Sentencing Guidelines became effective on March 3, 2008 and are intended to be retroactively applied. The purpose of the Amendments was to alleviate some of the urgent and compelling problems associated with the penalty structure for crack cocaine offenses. See U.S.S.G. § 2D1.1 (drug quantity table). Whether or not Malone is a candidate for a sentence reduction based on the revision will be determined at a later date. See 18 U.S.C. § 3585(c)(2). Therefore, a decision regarding Ground Four as to Malone's eligibility for a sentence reduction will be held in abeyance.

D. Conclusion

As discussed in detail above, Grounds One, Two and Three of Malone's motion are unavailing. Accordingly, Petitioner's arguments, either singularly or collectively, are unworthy of habeas relief. Thus, Grounds One, Two and Three are denied. Ground Four, however, remains a potentially viable claim for habeas relief. A determination of Malone's eligibility for a sentence reduction based on the Sentencing Guidelines Amendments will be held in abeyance.

A separate order shall issue in accordance with this opinion.

This the 10th day of March, 2008.

_____
Senior Judge